IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SYLVESTER B. LANE and
MARY LANE,

    Plaintiffs,

vs.                                                                 CASE NO. 3-11-cv-374/RS-CJK

FORT WALTON BEACH HOUSING
AUTHORITY, et al.,

    Defendants.
_____/

## ORDER

Before me are Plaintiffs' Motion for Preliminary Injunction (Doc. 5) and Defendants' Response in Opposition (Doc. 21). A hearing was conducted on September 6, 2011.

A preliminary injunction is proper where the Plaintiffs have shown that they are likely to succeed on the merits; that they are likely to suffer irreparable harm in the absence of preliminary relief; that the balance of the equities tip in their favor; and that the injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Here, the only real dispute is whether the Plaintiffs are likely to succeed on the merits. Defendants contend that Plaintiffs are unlikely to succeed on their claims because the Housing Authority met its initial burden of proof by providing the sexual offender registry listing an unauthorized resident at the Plaintiffs' address. Defendants also contend that the burden was sustained, notwithstanding Plaintiffs' opposing testimony.

The problem with this logic is that the Hearing Officer's findings are inadequate to determine anything about the determination he made.  (*See* Doc. 6, Attach. 5).  The Hearing Officer's letter simply states that he found the Plaintiffs' "response was not enough to overturn the termination."  Nowhere did he address any particulars of the sexual offender registry or Plaintiffs' testimony.

While the hearing accorded Plaintiffs is informal, the written decision must contain a brief statement of the reasons for the decision.  24 C.F.R. § 982.555(e)(6).  Because "factual determinations . . . shall be based on a preponderance of the evidence," a lack of any meaningful statements by the Hearing Officer who weighed the evidence is problematic.

**IT IS ORDERED**:

1. Plaintiffs' Motion for Preliminary Injunction (Doc. 5) is **GRANTED**.

2. Defendants Fort Walton Beach Housing Authority and Gail Sansbury are enjoined from terminating Plaintiffs' Section 8 assistance pending resolution of this matter.

3. The Parties shall, not later than September 13, 2011, file a notice with this court whether remand to the agency is appropriate so that the Hearing Officer may explain his reasoning for the termination of benefits consistent with regulation.

**ORDERED** on September 7, 2011.

                                                /S/ Richard Smoak
                                                **RICHARD SMOAK**
                                                **UNITED STATES DISTRICT JUDGE**