IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SYLVESTER B. LANE and
MARY LANE,

    Plaintiffs,

vs.                                  CASE NO. 3-11-cv-374/RS-CJK

FORT WALTON BEACH HOUSING
AUTHORITY, et al.,

    Defendants.
_____/

## ORDER

On Plaintiff's preliminary injunction motion, I found that the Hearing Officer's findings were inadequate and did not comply with the requirements of 24 C.F.R. § 982.555(e)(6). Specifically, the Hearing Officer's determination did not contain a sufficient "statement of the reasons for the decision" setting forth the "factual determinations . . . based on the preponderance of evidence."

I directed the parties to file a response whether this court should remand to the agency so that the Hearing Officer may explain his reasoning for the termination of Plaintiffs' benefits. (*See* Doc. 31). I now consider Plaintiffs' Notice Pursuant to September 7, 2011 Order (Doc. 36), and Defendant's Notice to Court Regarding Remand to Hearing Officer (Doc. 37).

Plaintiffs claim that remand would be futile because the parties do not dispute what evidence was submitted to the Hearing Officer and a remand would not cure the fact

that his determination was based on "unreliable hearsay." (Doc. 36, p. 1-2). I disagree. The central issue of the case involves the reasoning for the Hearing Officer's determinations. Without allowing the Hearing Officer to elaborate on his findings, the rest of this judicial process amounts to mere guesswork.

**IT IS ORDERED:**

1. The Hearing Officer's determination is remanded to the Defendant for resolution consistent with 24 C.F.R. § 982.555(e)(6).

2. The Defendant shall, not later than September 28, 2011, file a copy of the Hearing Officer's amended determination.

3. Plaintiff shall, within fourteen days after that filing, respond and amend the complaint as necessary.

**ORDERED** on September 14, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**