IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SYLVESTER B. LANE and**
**MARY LANE,**

    **Plaintiffs,**

vs.                                                                        CASE NO. 3-11-cv-374/RS-CJK

**FORT WALTON BEACH HOUSING**
**AUTHORITY, et al.,**

    **Defendants.**
_____/

## ORDER

    Before me is Plaintiffs' Expedited Motion for Clarification of Order and Supporting Memorandum (Doc. 44). Plaintiffs object to Defendant giving the Hearing Officer a copy of the transcript from the preliminary injunction hearing, and for not providing a copy of that transcript to Plaintiffs.

    A transcript of the preliminary injunction hearing may be properly provided to the Hearing Officer. While the Hearing Officer's amended determination may not consider evidence which was not available at the time of the initial hearing, the transcript allows the Hearing Officer to understand the issues which he inadequately addressed in the first instance.

    As to providing a copy of the preliminary injunction transcript, 24 CFR § 982.555(e)(2)(i) provides that Plaintiffs are entitled to examine *before* the PHA hearing any documents that are directly related to the hearing. The transcript of the preliminary

injunction is not a document that was considered at the hearing. Rather, the transcript is considered not as new evidence, but as instructions to the Hearing Officer to comply with applicable regulations. Plaintiffs' request to be provided with a transcript which contains markings or notations of counsel is also improper because those notations are work product. While Defendant is not required to provide a transcript to Plaintiffs, out of courtesy it should provide a clean copy.

**ORDERED** on September 21, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**